May it please the Court, my name is Meredith Boylan and I represent Roger Gruen on this appeal. We respectfully request that the Court determine whether the Veterans Court erred as a matter of law by ruling that Hensley v. Brown permit the denial of a service connection for a hearing loss based solely on a veteran's normal hearing results at separation from the military and the lapse of time between his separation from the military and the onset of his hearing loss. Hensley specifically held that barring a service connection based on these factors is impermissible, yet that is exactly what the Board did here and exactly what the Veterans Court affirmed. RUEN Of course, the government here is arguing that you have two different medical reports, one from 2002, one from 2007, and the report in 2007 not only notes the audiology report when he concluded service, but also notes that post-service he was exposed to noise as an auto mechanic. That makes a distinction in that the Veterans Court didn't violate the Hensley rule, that it in fact simply weighed the evidence and found the 2007 report more probative. But that factor about the auto mechanic appears nowhere in the rationale that was articulated by the 2007 examiner in her finding of no nexus between the... But the fact that it was not articulated doesn't mean that it wasn't considered because it was before the Board. It was before the Board, it was before the 2007 examiner. However, if you look specifically at the language in her rationale for opinion stated, which she states in bold, there are two factors. Length of time between separation from service and onset of symptoms and normal separation results. And when you look at the Board decision, it relies solely on... There's a lapse of time, alternative causes, and the normal separation report, and consideration of the record overall. I mean, they did discuss and consider the 2002, 2007, and other evidence. Yes, but if you look at the appendix on page 44, which is the precise rationale for opinion given by the 2007 examiner, she states only, a review of this veteran's audiograms revealed hearing was within normal limits for pre-enlistment and upon separation. His audiogram was also within normal limits. Therefore, the current loss in tinnitus is not related to his military noise exposure. Also, the veteran states he only noticed the loss about five years ago on this onset of tinnitus a couple of years ago. So she presented two reasons for... So the fact that she mentioned it earlier, about three pages earlier, you think is irrelevant if she didn't put it at the end of her report as the basis for her conclusion? Yes, Your Honor. And the Board opinion itself also states that the 2000 audiologist offered a rationale for finding that the hearing loss was less likely than not related to the service connection. Two sentences. In fact, I guess it's one sentence before the therefore. The sentence is, hearing loss and tinnitus is not caused by or a result of military noise exposure, but was... It says acoustic trauma conceded on the basis of his military specialty of vehicle operator and mechanic. So she conceded... I mean, there's no dispute over the fact that Mr. Gruen was subjected to acoustic trauma during his tenure in the military. And that's also a fact that's recognized. What do you make of the fact that in the 2002 report, and this is on page 39 of the appendix, that there is also a recognition of occupational noise exposure? I think that that's a helpful fact for Mr. Gruen. I think that the fact that that audiologist also clearly elicited some sort of background history from Mr. Gruen and was aware of it and nonetheless found that it was the military noise exposure that was the pertinent factor that contributed to... Well, I'm surprised you didn't emphasize this more, because it seems to me that's a very significant fact here, because you have the government arguing that, well, the 2007 report is more credible, more probative, and was a proper basis and takes this away from the Hensley rule, when in fact you've got the 2002 report that also recognizes post-service noise exposure, the same as the 2007 report, and yet one comes to the conclusion that it's most likely not the result of military noise exposure, and the other one reaches the opposite conclusion, which one could argue means that the two reports were in equipoise. Yes, and the government below pointed out that the 2007 audiologist had the benefit of having reviewed the claims file, but as you can see from the appendix that's attached to our brief, the only relevant aspects of the claims file that deal with the veteran's hearing loss are two pages, and the two pages state the audiology results, which... So there's really nothing that distinguishes these two reports at all. Correct, Your Honor. You argue that Hensley says that you can't per se conclude that the mere fact that you have a normal test upon discharge is determinative of the fact that you didn't have a service connection, but are you contending that the number of years, that the length of the passage of time is irrelevant? I don't think it's... I think it's a factor that could be considered, and however, it can't be the length of time and the normal audiology results as the sole basis for denial. What about the hearing loss only exhibiting itself five years ago? How old is this person? He's in his 60s. Isn't it kind of normal? People start to lose their hearing in their 60s? Well, for some people, maybe. And that's something that's recognized by the... Even the 2002 audiologists recognized that some decrease in hearing may be... And it only exhibits itself five years ago. Right, but there's no reason to discount the fact that being subjected to jet engines as a member of the military would also be a contributing factor, and that is what seems to have tilted the 2002 audiologists finding in favor of a service connection. But let me go back to this passage of time issue. Sure. Hensley clearly says that the mere fact that there is a passage of time isn't enough. Right. But you don't think that a fair assessment could be made that perhaps a five-year passage of time as to onset versus a 35-year passage of time as to onset is meaningful? I think there could be situations where it is meaningful, and I think had the audiologist elicited some other information or relied upon some other information besides the passage of time, if there were additional factors that intervened between the time of his discharge and the onset of the hearing loss 30 years later, then perhaps so. And I do recognize that his time as an auto mechanic may be argued by the government as an intervening factor. However, the state of the record and the audiologist's opinion does not seem to have, in fact, it did not articulate that as a basis for the denial. Had he served as a fireworks technician for 25 of those 30 years and that was a third factor listed in the rationale, perhaps. Maybe that would tilt it in favor of the post-service occupation plus the passage of time. But just the two bases that provide the rationale for the 2007 audiologist and the board and the Court of Veterans Claims, time, delay, onset, just a very normal separation result and delayed onset, just don't meet the standards and violate the rule as articulated in Hensley. But going back to the 2002 report again, there was a passage of over 30 years at that time. There was a recognition of the occupational noise exposure, post-service occupational noise exposure. Nonetheless, the conclusion of the audiologist was that the patient's hearing loss is more likely as not the result of military noise exposure. Correct, Your Honor. So the passage of time there was not considered to negate his claim. No. And under Hensley, it can't. And Hensley cites an earlier case that said even if the disability manifests itself many years after separation from the military, it cannot serve as a bar to the service connection. And so for those reasons, we feel that the Veterans Court, as a matter of law, if you look at the face of the decision, the judge was clearly interpreting Hensley and whether it prescribed this type of ruling. And Hensley clearly does. Thank you. I'll reserve the rest of my time. Thank you. Both. May it please the Court, this appeal does not present a question within the Court's jurisdiction. Despite Mr. Gruen's arguments, there simply is no genuine issue of law for the Court to decide here. In the absence of constitutional matters, this Court lacks authority to decide factual questions or application of law to fact. And accordingly, the Court should dismiss this appeal. Nothing that was said by the Veterans Court in Hensley. The Hensley case was an assessment of law, was it not? I mean, they were interpreting regulations and making a specific determination as to whether or not the two factors, which is the clean report upon discharge and some passage of time, were sufficient. And they said, as a matter of law, under the regulations, they were not. So how is that not a legal issue if the conclusion, if we're asked to decide whether or not they properly applied Hensley? Your Honor, Hensley was a legal issue in which the Court decided that delay in onset doesn't end the inquiry and that because the Board in that case failed to make the determination as to whether the causal nexus could be shown, it needed to be remanded. But this case, in which Mr. Gruen asks for an application of Hensley to change the outcome of his facts, that is not a question within the Court's jurisdiction. There is no statement. It's called a lot of fact, isn't it? That's exactly right, Your Honor. It's application of lot of fact and it's not within the Court's jurisdiction. There is no statement by the Hensley Court or any court that either we disagree with or that is at all inconsistent with the decisions made below in Mr. Gruen's case. By arguing that the evidence was not sufficient for the Board to deny service connection, Mr. Gruen fails to appreciate that the general evidentiary burden is on the claimant. If the claimant doesn't put forth evidence that shows each element of the claim, including the causal nexus, service connection cannot be found. Do you think that 2002 report doesn't constitute any evidence of a nexus? The medical report that says, more likely than not, this was caused by his exposure while in service? In the absence of the 2007 report, the 2002 report might indeed constitute evidence. I didn't mean to suggest that it doesn't constitute any evidence. There is no evidence of a possible causal connection. Why is the 2007 report more probative than the 2002 report? The 2007 report was more probative in the determination of the Board of Veterans Appeal, which is charged with making these factual determinations. That's a fact question, isn't it? Even to ask that question is outside our purview, isn't it? That's exactly right. Interesting question. It's outside of the court's purview, but it's... For which I'd like an answer. And I plan to, Your Honor. The board decided that the 2007 report was more persuasive because the 2007 report considered factors that were not considered by the 2002 audiologist. Particularly, the 2002 audiologist did not consider the veterans' separation audiology examination. These issues, delay in onset, separation results, 30-year delay, these are probative. Hensley didn't suggest that a medical professional or a board or anyone cannot consider these factors. Those things really don't make a difference in this case. The argument that you are making is that, well, the 2007 report also considered the fact that he was exposed to this post-service noise exposure in his auto-mechanic position. But that same factor is in the 2002 report. It is, Your Honor. It starts to look like these two are in equal place and that, in fact, that Hensley was violated because what this comes down to is a conclusion that, well, he didn't have a problem when he left the service and it's been 30 years or so and most likely this is not a result of any service exposure. Your Honor, we have to be careful not to get into the question of benefit of doubt. Not only because it's a factual issue beyond this court's jurisdiction in this case, but also because it's simply not part of this appeal. Appellant Mr. Gruen has been very clear that there is one issue he seeks to raise before this court and that is the interpretation of Hensley. Not the benefit of the doubt which was raised before the Veterans Court and the Veterans Court did not find in favor of Mr. Gruen on that issue. But the greater issue here is that this is a factual determination that the board is charged with making. The board was there and considered all the evidence. This isn't a case in which the board failed to expressly address the question. The board addressed the question head on. The board took into account all of the evidence that was there. And the board made the finding that the evidence simply does not support a finding of the causal message. Do you disagree with the idea that really because the audiologists report in 2007 and 2002 were really essentially the same, that the board's conclusion was not based on the facts, but instead was simply based on the passage of time and the fact that he didn't have a problem with his hearing when he left the service, which would violate Hensley? We do disagree with that, Your Honor. And first of all, we disagree that the 2007 and 2002 reports were the same. They're not the same. The 2007 report took into account more factors than the 2002 report took into account. And it's well within the board's province. But there are additional factors that don't really make a difference. I realize that we're now talking all about facts. We have no jurisdiction over that. I don't have any disagreement with that at all. I'm just exploring this record with you because there's something here that is a little disturbing, the fact that there seems to be two reports which predicated on the same essential facts, one concluding that this was most likely a not related service, the other saying it was, and yet the equipoise matter was not considered. Instead, the case was decided on a different basis, on the basis that the 2007 report was more persuasive, more probative than the 2002 report. Your Honor, the benefit of the doubt principle was considered and found not to apply, and so it was decided by the board that the 2007 opinion was more persuasive. But that is within the province of the board to make those determinations. And there's nothing wrong with the medical opinion in 2007 taking into account those facts. In these types of cases, delay in onset and normal separation results, those are often highly probative. There's nothing wrong with taking that into account. And where there's not evidence of a causal connection, those are often the factors that come to the surface. The Veterans Court just recently discussed this, didn't it, in Jordan? I'm sorry, Your Honor. I must have missed that case. Okay. The Veterans Court, I think it's one you shouldn't have missed because I think it helps you. But in there, the Veterans Court explains that Hensley was not intended to say that those facts, the fact of the clear examination upon discharge and the fact of the passage of time are irrelevant. They are relevant and can be considered by the medical examiner in their assessment of causation. And that's the state of the law, Your Honor. And the law was applied correctly here. There's no basis to take issue with any of the applications of the law in this case. And there's simply not a dispute about a matter of interpretation that's within the court's jurisdiction. And for these reasons and those expressed in our brief, we respectfully request that the court dismiss this appeal for lack of jurisdiction or in the alternative, affirm the decision of the Veterans Court. Thank you, Mr. Volk. Ms. Voiland. Have you read the Jordan case? I may have. I did see it. Weren't one of this year's? I don't. It doesn't jump out at me. But I've seen other decisions that are consistent with the ruling in this case. And I think they're all based on the same erroneous assumption which the judge made in this case. And that seems to be that there's some sort of buffer because the board relied on an examiner's report. And that because an examiner found that these two circumstances were relevant, that somehow the board is insulated from review because it has used as a basis for its decision a medical report. But I think, and this also comes into the jurisdictional aspect of the case, that if you look at the face of the Veterans Court's decision, where he specifically interprets Hensley, and this is on Appendix 5, he says that he's unpersuaded, the judge said he was unpersuaded that Hensley prohibits examiners from considering such factors and rendering their opinions. And then he cites the language from Hensley and says, the court did not, as Mr. Gruen suggests, place limitations on a VA medical examiner. Rather, Hensley prevents the board from using audiometric tests from a claim of separation examination as a per se legal bar on proving a service connection. And he uses the term that you could credit an otherwise medical opinion because the examiner found the results etiologically relevant. And I think there's a distinction between finding something relevant and saying that Hensley allows the board, under the terms of the decision in Hensley, that the board is allowed to rely on a medical examination that not just finds these factors relevant, but relies on them as the two bases for denial of an excess. And I just, from a purely legal standpoint, Hensley cannot be interpreted that way. And this is a legal issue. This is not a factual issue. I agree that the benefit of the doubt should go to the runner. I'm sorry, the tie should go to the runner. The benefit of the doubt rule should apply. We've argued it below. We do mention it in our brief. But bearing in mind the court's jurisdiction and the limits that we have, there is a purely legal issue here that doesn't require weighing of facts. And that is whether the Veterans Court properly interpreted Hensley. And it's just so clear from the face of the Veterans Court's decision when you compare it to the language of Hensley, that the two just don't line up. It's just wrong. And for that reason, we ask that this court reverse Veterans Court's decision, remand it with instructions to re-adjudicate consistently with Hensley. And thank you, unless you have other questions. Thank you very much. That concludes our morning.